McCORMICK (HUSSEY v.). See Case No. 6,948.

———

## Case No. 8,720.

### McCORMICK v. IVES et al.

[Abb. Adm. 418.] [1]

District Court, S. D. New York. Jan., 1849.

ADMIRALTY—JURISDICTION—INTERSTATE—SEAMEN'S WAGES.

A court of admiralty has not jurisdiction of an action to recover wages for services in a voyage upon a canal not connecting navigable lakes or different states or territories. Nor will the fact that a small portion of the voyage is through public navigable waters, give jurisdiction, if the main end contemplated by the contract was a service upon such canal.

[Cited in Walters v. The Mollie Dozier, 24 Iowa, 198.]

This was a libel in personam for wages, by Edward McCormick against Edwin R. Ives

---

   

and John Chambers. The libel set out a shipping contract, whereby the respondents employed the libellant to perform a voyage in the canal-boat Camden, then in New York, to Buffalo, and back to New York,—principally between Albany and New York,—at $20 a month; and then averred that in pursuance of the agreement, the libellant entered on board the vessel on May 4, 1848, and proceeded therewith to Albany, and thence back to New York; and so continued in the employ of the respondents until about December 1, 1848, when he was discharged. The libel claimed a balance of $102.29.

William Jay Haskett, for libellant.

H. S. Mackay, for respondents.

I. The libellant must succeed on the case stated in his libel, or not at all. That proceeds on a hiring in a canal boat, destined on a voyage "from New York to Buffalo," and avers the services to have been performed "principally between Albany and New York." It avers, also, that the boat "proceeded with the libellant on board to Buffalo and back to New York." The libel, schedule, and proof show, that whatever services the libellant rendered, were in pursuance of an entire and indivisible contract, to serve in a canal boat on a canal route.

II. It follows from the first point, that the libellant could not, at the hearing, as he attempted to do, set up a new or distinct demand, separate and separable in itself, by going for services performed on the river alone, irrespective of the general contract or hiring stated in his libel, and which was also shown by the proof.

III. The case, therefore, presents one of the hiring of a hand to serve on a canal boat on trips from New York to Buffalo, in the doing of which by far the greater portion of the services were rendered on the canal; in which case this court has not jurisdiction.

IV. No decree can be given for that portion of the general services which were performed on the river, (admitting such to be of admiralty cognizance,) 1. Owing to the indivisibility of the claim. 2. The want of allegation to support it in the libel. 3. The oppression and injustice which would result to both parties, by exposing them to two separate suits in two distinct tribunals for one and the same demand.

V. It is not necessary to plead the want of jurisdiction, as neither consent or acquiescence can confer it. Whenever the want of it appears, the court must dismiss the suit. Although here the protestando with which the answer begins and the objection with which it concludes, do distinctly allege and set up the want of jurisdiction. That is in equity, and so here, an answering demurrer.

VI. But there is no jurisdiction in this case on other grounds. 1. A canal boat proper, such as this, belongs, as a machine, to the waters of the canal. It is a fresh-water fish,

and when it gets into the sea or its waters, it is out of its element. In other words, what it does on rivers, bays, and creeks on the ebb and flow of the tide is, by the by, and merely temporarily incident to its main and essential object, which is to traverse the surface of the waters of the canal. It has no capacity for or adaptation to any of the purposes of a sea or river craft. It is a log upon the water, without the aid of extrinsic force. On the canal it depends on the power of horses moving on the land for its progress, and on the river on tugs for its headway. It is no more a ship, or craft, that falls within the jurisdiction of admiralty, than a horse-cart or a steam-car that might be launched into a river and buoyed upon its waters; nor do the hands bear any of the merits or characteristics of the sailor, or of persons connected with shipping. 2. The act of congress of 1845 [5 Stat. 726], by declaring that canal boats shall not be proceeded against in admiralty, in rem, not only shows the legislative sense as to their want of nautical character, but also, by denying jurisdiction over the boat, has by necessary implication also taken away jurisdiction over the person for services in any such boat, as if the boat be not a sea craft in respect to which a libel could be filed in rem, jurisdiction of the person, would, for the same reason, fail, for that cannot be a maritime contract in respect to a hulk which is not itself of admiralty cognizance.

BETTS, District Judge. It is unnecessary to consider the matters of defence set forth by the respondents in their answer, as an objection to the recovery is taken which is fatal to the libellant's claim, upon the case as made by himself.

The objection is, that the contract of hiring was one entire contract for the navigation of a boat from New York to Buffalo, and back from Buffalo to New York, each way through the Erie Canal; and that this court cannot take jurisdiction over an agreement of this description.

The averment of two or three trips made between New York and Albany or Troy and back, and the proofs given of these particular services, do not aid the libellant, for they were all under the one employment, the boat failing to run out the whole extent of the voyage contracted, only when freight could be had but for a portion of it.

The court has repeatedly held, upon the principles established in The Thomas Jefferson, 10 Wheat. [23 U. S.] 428, The Phoebus, 11 Pet. [36 U. S.] 175, and in other analogous cases,[2] that this class of contracts are not

[2] The principle determined in the cases cited, was, that the admiralty courts of the United States have no jurisdiction of a contract for services in a voyage substantially to be performed upon a river, and above the ebb and flow of the tide. Since the time when the decision in the text was made, the case of The Thomas Jefferson [supra] has been reversed, in The Gen-

suable in admiralty. The main end contemplated was a service upon the canal, and the contract could not be severed, so as to give a remedy upon one portion of it in a maritime court, leaving the residue to be used upon in a court of common law.

I do not now consider the question, whether the act of congress of July 20, 1846 (9 Stat. 38, c. 60, § 1), in relation to canal boats, which forbids jurisdiction in rem to any United States court over canal boats for the wages of any person or persons who may be employed on board thereof, or in navigating the same, affects also the jurisdiction of the courts against owners in personam, or against that class of vessels when employed on tide-waters; because, upon the allegations of the libel, and the proofs in the cause, I hold that the action cannot be maintained.

The transit of the boat from New York to Buffalo, and reversely from Buffalo to tidewater at Troy or New York, is not an employment of the boat in business of commerce and navigation between ports and places in different states or territories upon the lakes and navigable waters connecting the said lakes, within the provisions of the act of congress, approved February 26, 1845 (5 Stat. 726), which extends the jurisdiction of this court to cases of that character, so that an implication can be raised that this form of action may be sustained upon the instance side of the court upon that description of contract. Libel dismissed, with costs.

──────────

see Chief v. Fitzhugh, 12 How. [53 U. S.] 443, where it is held, that the admiralty jurisdiction of the district courts of the United States extends to the navigable lakes and rivers of the United States without regard to the ebb and flow of the tides of the ocean. The reasoning of this case does not apply, however, to canals, and the decision does not impair the authority of the case given above.

